[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 27, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-12677
Non-Argument Calendar

_____

D. C. Docket No. 04-80116-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY TROMAINE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 27, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Johnny Tromaine Lee appeals his conviction and 30-year sentence for

possession of cocaine with intent to distribute and possession of marijuana with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). We affirm.

**I.**

Lee first argues that the evidence was insufficient to support either of his convictions. We review the sufficiency of the evidence to support a conviction de novo. United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004). "In doing so, we look at the record in the light most favorable to the verdict and draw all reasonable inferences and resolve all questions of credibility in favor of the government. The evidence is sufficient where a reasonable trier of fact could conclude that the evidence established guilt beyond a reasonable doubt." Id. at 1344–45 (citations omitted).

In order to convict a defendant of possession of an illegal drug with intent to distribute, the government must establish (1) knowledge, (2) possession, and (3) intent to distribute. United States v. Gamboa, 166 F.3d 1327, 1331 (11th Cir. 1999). In the absence of direct evidence, knowledge may be proven by "highly probative circumstantial evidence" and by inferences arising from the surrounding circumstances. See United States v. Camargo-Vergara, 57 F.3d 993, 1000 (11th Cir. 1995). Possession may be actual or constructive. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). "Constructive possession exists when a

defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." Id. (quotation marks and citation omitted). Intent to distribute may be inferred where a large quantity of drugs is involved. See id.

At trial, the evidence that Lee possessed the marijuana and cocaine included testimony of the Boynton Beach, Florida police officers who arrested Lee at approximately 2:00 a.m. on July 22, 2004. They saw Lee pick up and carry a large plastic garbage bag that was subsequently found to contain 79 small baggies of marijuana packaged for individual sale and a large rock of crack cocaine. Lee carried the bag behind a house and about one minute later returned it to the spot where he had picked it up. This evidence showed the Lee had actual possession of the drugs and exercised control over the drugs sufficient to establish constructive possession.

Lee's knowledge of the contents of the garbage bag may be inferred from both his possession of the large bag of drugs and his sale of crack to Harvey Gray, who testified that he purchased a $10 crack rock from Lee just prior to their arrest. Evidence of Lee's intent to distribute the drugs included (1) Gray's testimony that he bought crack from Lee; (2) the large volume of drugs, including the 79 individually-packaged baggies of marijuana, possessed by Lee; and (3) evidence

that Lee had been previously arrested and convicted for possession of both cocaine and marijuana with intent to distribute. Other circumstantial evidence included Lee's possession of a razor blade, which may be used by drug dealers to cut pieces from large crack rocks like the one found in the garbage bag, and $2,882 in small bills, which are commonly used in small quantity drug transactions like the one between Lee and Gray.

In sum, the evidence, viewed in the light most favorable to the verdict and making all reasonable inferences and credibility determinations in favor of the government, was clearly sufficient to support Lee's convictions on both felony drug counts.

## II.

Lee next contends that the trial court made two erroneous evidentiary rulings involving Fed. R. Evid. 404(b). He argues that the trial court erred in admitting (1) evidence of his prior arrest and convictions for possession of cocaine and marijuana with intent to distribute and (2) evidence that he was in possession of $1,054 in cash when he was arrested in August 2004 on a federal arrest warrant for the current offense.

We review a district court's decision regarding the admissibility of evidence under Rule 404(b) only for abuse of discretion. United States v. Diaz-Lizaraza,

981 F.2d 1216, 1224 (11th Cir. 1993).  When the defendant fails to object to such evidence, we review for plain error and reverse "only for errors that are particularly egregious and that seriously affect the fairness, integrity or public reputation of judicial proceedings, and then only when a miscarriage of justice would result." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation marks and citation omitted).

Rule 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  Thus, evidence of the accused's extrinsic acts is inadmissible to prove that he acted in the same way in the charged offense, but extrinsic acts evidence may be admissible if used for another purpose, such as to establish the accused's intent.  See id.  Like all other evidence, extrinsic acts evidence is subject to Rule 403, which provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  With these considerations in mind, we employ a three-part test to

5

determine whether the admission of extrinsic acts evidence was proper:

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice.

Diaz-Lizaraza, 981 F.2d at 1224.

Lee argues that the trial court erred in admitting evidence of his prior arrest and convictions for possession of cocaine and marijuana with intent to distribute for two reasons: (1) that evidence was not relevant to an issue other than his character and (2) it was more prejudicial than probative. Lee is wrong in both respects.

"[W]e have 'generally held that if the extrinsic act requires the same intent as the charged offenses and if these acts are proximate in time to the charged offenses, then the extrinsic act is highly probative.'" United States v. Baker, 432 F.3d 1189, 1205 (11th Cir. 2005) (quoting United States v. Church, 955 F.2d 688, 702 (11th Cir. 1992)); see also United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001). Lee's prior arrest and convictions involved the same offense as this case does—possession with intent to distribute cocaine and marijuana—and therefore the same intent.

6

The current offense, committed in July 2004, is proximate in time to the previous offense committed a little more than a year-and-a-half before in December 2002. Accordingly, the evidence of Lee's prior arrest and convictions were highly probative of his intent to commit the July 2004 crimes.

In assessing whether the probative value of evidence admitted under Rule 404(b) substantially outweighs its potential to unfairly prejudice the accused, a court must consider "the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." Diaz-Lizaraza, 981 F.2d at 1225. As we just discussed, the prior crimes were identical to the current offense and were separated in time by only a year-and-a-half. Although Gray's testimony and the quantity of the drugs involved also established Lee's intent to distribute the drugs in the current offense, the district court did not abuse its discretion in deciding that the evidence of Lee's prior arrest and convictions should also have been admitted.

Lee also contends that the trial court erred in admitting evidence that he was found in possession of $1,054 at the time of his arrest in August 2004 on the arrest warrant for the current charges. However, he did not object to

the admission of this evidence at trial. Lee argues that because there was no evidence connecting his possession of the $1,054 at the time of his arrest to the charged crimes which occurred earlier, the evidence is irrelevant under Fed. R. Evid. 401. In light of the abundance of other evidence introduced in this case, it is simply not possible that, even if erroneous, the admission of the challenged evidence could have affected the fairness or integrity of his case such that it resulted in a miscarriage of justice. See Jernigan, 341 F.3d at 1280 (reviewing for plain error when the defendant did not object to the admission of evidence at trial).

### III.

Lee argues that his 30-year sentence was unreasonable. In support of that argument, he states that he grew up in an economically depressed environment, which was a primary factor in determining the direction of his life; he had no significant relationship with his father; and his mother was working too much to give him guidance and support. He also states that his prior crimes were mainly "street-level" offenses for which he never served more than one year in prison. He contends that a 15-year sentence would have been sufficient under these circumstances.

We review sentences for reasonableness. United States v. Booker,

8

543 U.S. 220, 261, 125 S. Ct. 738, 765–66 (2005); United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).  In determining whether a sentence is reasonable, we are guided by the factors in 18 U.S.C. § 3553(a). Booker, 543 U.S. at 261, 125 S. Ct. at 765–66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).  "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care."  Winingear, 422 F.3d at 1246 (citing 18 U.S.C. § 3553(a)).

In the present case, the district court correctly calculated the advisory sentencing range and sentenced Lee to 30 years, which was the low end of the range.  In doing so, the court considered the § 3553(a) factors and focused on Lee's extensive criminal history and the seriousness of his crime. The presentence investigation report, to which Lee did not object, catalogs Lee's persistent involvement in narcotics as well as numerous other offenses, reflecting his unwillingness to obey the law.  Moreover, at the time of the current offense, he was found in possession of significant drug quantities, including 8.35 grams of crack and 71.1 grams of marijuana.  In

9

light of the foregoing, we conclude that Lee's sentence was not unreasonable.

**AFFIRMED**